```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON


1 STARR DALTON,

        Plaintiff,

v.                                    Case No. 2:08-cv-01151

W. VA. DIVISION OF CORRECTIONS,
DAVID BALLARD, Warden,
JIM RUBENSTEIN,
CPL. SAMUEL KEENAN,
CPL. DONNA BRAENOVICH,
CO II DARREN KOZART,
CO II JARED ALSOP,
LT. DEREK McKINNEY,
CPT. JASON CLAUDELL, and
BRIAN GREENWOOD,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On October 7, 2008, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that, on May 5, 2008, he was physically assaulted by some of the defendants, while he was in handcuffs and leg irons.  Plaintiff alleged that the attack was motivated by the defendants' anger at Plaintiff for filing a prior civil rights action, Dalton v. W. Va. Division of Corrections, No. 2:08-cv-335. He asserts that the beating was in violation of his Eighth Amendment right to be free of the use of excessive force, and in retaliation for his exercise of his First Amendment rights. Plaintiff's Complaint seeks injunctive relief in the form of immediate release from custody, and monetary damages.  (Docket #

2).

## Procedural History

Plaintiff applied to proceed without prepayment of fees and costs (# 1), which was granted, without imposition of an initial partial filing fee (# 6). Service of process issued, and summonses were served by the U.S. Marshals Service (## 8-19). On November 25, 2008, Plaintiff filed a motion for preliminary injunction (# 6), which was not served on Defendants.

On January 26, 2009, the defendants filed a motion to dismiss (# 20), supported by a memorandum and declaration of Charlene Sotak (# 21), asserting that Plaintiff failed to exhaust his administrative remedies, that the State agency defendant is not a "person" subject to suit under 42 U.S.C. § 1983, that the defendants are entitled to qualified immunity, and that defendants Rubenstein and Ballard are not subject to suit under a theory of *respondeat superior*. Plaintiff did not file a response to the motion to dismiss, although he is an experienced litigator. In fact, in his prior civil rights action, Dalton v. W. Va. Division of Corrections, No. 2:08-cv-335, Plaintiff had to address his failure to exhaust his administrative remedies.

## Analysis - Failure to Exhaust Administrative Remedies

Section 1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" means " . . . conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings." 18 U.S.C. § 3626(g)(2). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. <u>Id.</u> at 741. In <u>Booth</u>, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. <u>Id.</u>

In <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002), the Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or other some wrong." Not only must a prisoner exhaust his

administrative remedies, but he must also do so properly. Proper exhaustion "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). [Emphasis in the original.]) That is, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91.

The Court ruled in Jones v. Bock, 549 U.S. 199, 216 (2007), that an inmate's failure to exhaust remedies under the PLRA is an affirmative defense; the inmate need not demonstrate in his complaint that he has exhausted applicable remedies. Jones also held that an inmate does not automatically fail to exhaust when the inmate sues one or more defendants not named in the pertinent grievances. Id., at 219. If a complaint contains claims, some of which have been exhausted, and some of which have not been exhausted, the entire complaint is not dismissed; the court proceeds only on the exhausted claims. Id., at 222.

The West Virginia Division of Corrections ("WVDOC") promulgated regulations establishing an Inmate Grievance Procedure, W. Va. C.S.R. § 90-9-3 et seq. The promulgation of the Procedure was mandated by W. Va. Code § 25-1A-2(b), part of the West Virginia Prisoner Litigation Reform Act. The DOC has also issued Policy

4

Directive 335.00, "Inmate Grievance Procedures." (# 21-2, at 5.) An inmate who wishes to seek redress over any matter concerning prison life, whether it involves general circumstances or particular episodes, must use the grievance procedure. Id. The first step is to file a grievance, utilizing a standard form, with the inmate's Unit Manager. Id., at 6. If the grievance is not resolved, the inmate may appeal to the Warden/Administrator. Id., at 7. If the grievance is not resolved at that level, the inmate may submit an appeal to the Commissioner of Corrections. Id., at 8. At each step of the procedure, the inmate receives a copy of the grievance and the response. The Warden or Administrator must maintain a searchable record of all grievances. Id., at 5.

Defendants submitted the Declaration of Charlene Sotak, who is the Division of Corrections' Inmate Grievance Coordinator. (# 21-2, ¶ 3, at 1.) She states that appeals of grievances to the Commissioner are filed in the inmate's central office file. Id., ¶ 7, at 1.) She declares that Plaintiff has grieved several issues through the chain of command to the Commissioner between May 5, 2008 and January 21, 2009 (receipt of a compact disk, wearing of handcuffs when he is out of his cell, being on "single rec" status, alleged tampering with his food, a withdrawal from his prisoner trust account, copying of documents, illness from food, several complaints about food, (id., Exs. A-J, at 13, 15, 17, 19, 21, 24, 27, 30, 33, 36), but he has not filed an appeal with the Commissioner concerning the May 5, 2008 incident.

Because it is uncontroverted that Plaintiff made no attempt to exhaust his administrative remedies with respect to any of his allegations against Defendants, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff failed to comply with 42 U.S.C. § 1997e(a) and failed to exhaust such administrative remedies as were available to him.  In light of this proposed finding, it is not necessary to address the other grounds for dismissal.

It is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunction (# 6) be denied, Defendants' motion to dismiss (# 20) be granted and this civil action be dismissed without prejudice.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

    May 18, 2009
        Date

Mary E. Stanley
United States Magistrate Judge